**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

In re SHELBY JEAN MARTIN,  ) Case No. 06-60340
)
Debtor,  )
)

**MEMORANDUM and ORDER**

On March 20, 2006, the debtor filed a chapter 13 petition. On January 5, 2006, that case was dismissed. On March 20, 2006, the debtor filed the instant chapter 13 case. On her statement of financial affairs, the debtor indicates that there were no suits, administrative proceedings, executions, garnishments or attachments in which the debtor was a party pending during the one year immediately preceding the filing of her petition. On April 19, 2006, the debtor filed a motion to continue the automatic stay against all creditors.

The motion is brought because Section 362(c)(2)(A), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109-8, § 302 ("BAPCPA"). Section 362(c)(3)(A) provides that:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section-

 * * * * * *

1

>(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)-
>
>>(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

Section 362(c)(3)(A) would seem to provide that the automatic stay, or some portion thereof, imposed by Section 362(a) terminates on the thirtieth day after the petition is filed if a notice and hearing on reinstatement of the stay is not completed on or before that date.

Upon closer analysis, it may be concluded that Section 362(c)(3)(A) means something else. In In re Paschal, 337 B.R. 274 (Bankr. E.D.N.C.), the Court examined paragraph (c)(3) and concluded that "action" means a formal action, such as a judicial, administrative, governmental, quasi-judicial, or other essentially formal activity or proceeding. Paschal, 337 at 280. The Court further concluded that the action with respect to which the stay terminates is an "action taken," which means an action in the past, prior to the filing of the debtor's bankruptcy petition. For the reasons stated by the Court in Paschal, this Court adopts the holding in that opinion.

In summary, the Court concluded that (1) the preambulatory language in paragraph (c)(3) provides that the rule applies when a petition is filed after the dismissal of a prior case that was pending within the one-year pre-petition period; and (2) the language in sub-paragraph (c)(3)(A) provides that when such a situation occurs, the stay terminates with respect to a pre-petition "action" taken against the debtor.

In this case the evidence is that no actions were taken against the debtor prior to the date of petition. Accordingly, the court concludes that no protections of the automatic stay are terminated in this case by Section 362(c)(3)(A) and that it is not necessary to continue the automatic stay under Section 362(c)(3)(B).

**ORDER**

No protections of the automatic stay are terminated in this case by Section 362(c)(3)(A). The

debtor's motion to continue the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B) is not necessary and is therefore denied.

So ORDERED.

Upon entry of this Order, the Clerk shall forward copies to Martin Donelson, III, Esq., counsel for the debtor, the chapter 13 trustee, and the United States trustee.

Entered on this 18TH day of May, 2006.

*/s/ William E. Anderson*

_____
William E. Anderson
United States Bankruptcy Judge